# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| KENDRICK ROBINSON,       Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC et al., <br>       Defendants. | No. 2:25-cv-2301-SHL-tmp |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation on Defendants' outstanding motions, filed July 1, 2025. (ECF No. 22.)

After Plaintiff Kendrick Robinson filed this Complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis (state court), Defendants Experian Information Solutions, Inc., Troutman Pepper Locke LLP, Steve Zahn and Brenna McGill ("Experian Defendants") removed it to this Court on March 17, (ECF No. 1), and filed a motion to dismiss on March 24 (ECF No. 8). Defendants Equifax Information Services LLC and Seyfarth Shaw LLP ("Equifax Defendants") sought to join the Motion to Dismiss on March 25 (ECF No. 12), and Defendants Trans Union, LLC, Qulling, Selander Lownds, Winslett & Moser P.C., and Connor Trapp ("Trans Union Defendants") also did so on April 3 (ECF No. 18). In the R&R, Judge Pham recommends that the Court deny as moot Experian Defendants' motion to dismiss, Equifax Defendants' motion for joinder, and Trans Union Defendants' motion for joinder because the case should be remanded to state court for lack of subject matter jurisdiction. (ECF No. 22.)

A magistrate judge may submit to a judge of the court proposed findings of fact and

recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The parties' deadline to object to the R&R was July 15, and no objections were filed.

As the R&R explains, Experian Defendants have not met their burden of showing that removal to this Court was proper. (ECF No. 22 at PageID 113.) Although they argue that Robinson brought his claims under the FCRA, upon review of the Complaint, Robinson alleges only state law claims for breach of contract, based on settlement agreements, and a Tennessee Consumer Protection Act ("TCPA") violation. (See id.) Therefore, there is no federal question jurisdiction. Additionally, they have not demonstrated that the Court has diversity of citizenship jurisdiction. (Id. at PageID 114.) Although Defendants ask the Court to exercise ancillary jurisdiction to hear the case, ancillary jurisdiction cannot justify removal. (Id.) Based on the lack of jurisdiction, Judge Pham recommends that this case be remanded to state court for lack of subject matter jurisdiction and Defendants' outstanding motions be denied as moot. (Id. at PageID 117.)

Upon review, the R&R included no clear errors in its analysis of federal court jurisdiction. (See id. at PageID 111–17.) The case is appropriately subject to being remanded, rendering all outstanding motions moot.

Therefore, the Court **ADOPTS** Judge Pham's R&R. This action is **REMANDED** to

state court and Defendants' outstanding motions are **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 16th day of July, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE